UNITED STATES COURT OF APPEALS
**Filed 10/28/96**
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EMIL BERRY LESLEY,

Defendant-Appellant.

No. 96-6055
(D.C. No. CIV-95-225-C)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, LOGAN, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Emil Berry Lesley, a federal prisoner proceeding pro se, appeals from the denial of his motion for relief from illegal sentence filed pursuant to 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Defendant was arrested in July 1994 for drug trafficking. During the arrest agents seized money from him that later became the subject of an uncontested civil forfeiture under 21 U.S.C. § 881. In September 1994, defendant pleaded guilty to a criminal information charging him with one count of using a telephone to facilitate possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 843(b), and one count of using or carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). He was sentenced to consecutive four- and five-year terms of imprisonment on the two counts. He did not appeal. Defendant then filed this § 2255 motion, arguing that subsequent court decisions rendered his convictions invalid, and that ineffective assistance of trial counsel established cause and prejudice for his failure to raise his substantive issues in a direct appeal. The district court denied relief, holding that even if defendant's claims were not procedurally barred, they were without merit.

On appeal defendant argues that he was: (1) subjected to double jeopardy because a civil forfeiture preceded his criminal prosecution; and (2) improperly convicted under 18 U.S.C. § 924(c) because the gun he was carrying was in a bag and inoperable.

-2-

Even if defendant had filed a claim to contest the forfeiture, which he concedes he did not do, the Supreme Court's recent decision, United States v. Ursery, 116 S. Ct. 2135 (1996), forecloses his double jeopardy argument. In Ursery, the Supreme Court held that an in rem civil forfeiture pursuant to 21 U.S.C. § 881(a)(6) is neither punishment nor criminal for double jeopardy purposes, and therefore does not preclude subsequent criminal prosecution. 116 S. Ct. at 2140-44, 2147; see also United States v. Hudson, 92 F.3d 1026, 1028 n.4 (10th Cir. 1996).

Defendant's challenge to his conviction under § 924(c)(1) also fails. He correctly points out that Bailey v. United States, 116 S. Ct. 501, 509 (1995), changed our law interpreting the "use" prong of § 924(c)(1). United States v. Spring, 80 F.3d 1450, 1464 (10th Cir.) (noting Bailey "held that 'use' in § 924(c)(1) means that the defendant must have 'actively employed the firearm during and in relation to the predicate crime'") (quoting Bailey, 116 S. Ct. at 509), petition for cert. filed ___ U.S.L.W. ____ (U.S. June 25, 1996) (No. 95-9420). The criminal information, however, charged defendant in the alternative with using or carrying a firearm during and in relation to a drug trafficking offense. I R., 9/16/94 Information. Our law defining the "carry" prong still requires only that the defendant possessed and transported a firearm during and in relation to a drug trafficking offense. Spring, 80 F.3d at 1465.

Applying this standard, the record contains a sufficient factual basis to sustain defendant's conviction under § 924(c)(1) for carrying a firearm during and in relation to a drug trafficking offense. Although the prosecutor incorrectly stated at the change-of-plea hearing that defendant was charged with merely being "in the possession" of a firearm during a drug transaction, II R. 3, defendant also stated at the plea hearing that he had received a copy of the information and had discussed it with his attorney, id. at 2. Therefore, the record demonstrates that defendant knew the true charge against him. Further, although defendant was asked at the plea hearing only whether he was "in possession" of a firearm during a drug transaction, id. at 11, defendant admitted in his plea petition that he "carried a firearm during an attempt to purchase 'crank.'" Appellant's Supp. Add., Petition to Enter Plea of Guilty at 7. Defendant said at the plea hearing that he had understood the questions in the plea petition, and that the answers in it were his own and were true. II R. 5-6. It is clear from defendant's reply brief on appeal that he does not dispute that he carried a gun in a bag when he attempted to purchase crank from undercover agents. See Appellant's Reply Br. 2. Accepting arguendo that the gun would not fire, that fact is irrelevant to a charge under § 924(c)(1). United States v. Moore, 919 F.2d 1471, 1475-76 (10th Cir. 1990).

Finally, although in the district court defendant also argued that he should not be held responsible for drug quantities purchased by a codefendant, he does

not appear to raise this issue on appeal. However, even if that issue were decided in defendant's favor, the guideline sentence still would be above the statutory maximum to which defendant was sentenced.

We construe defendant's letter filed September 11, 1996, as a motion for appointment of counsel. The motion is denied. We construe defendant's letter and affidavit filed August 26, 1996, as a motion to file a supplemental brief. That motion is granted.

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge